# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JOSE LEBRON, | 1:09-cv-00694-SMS (HC) |
|     Petitioner, | ORDER TO SHOW CAUSE REGARDING EXHAUSTION OF STATE COURT REMEDIES |
|     v. | |
| JAMES A. YATES, | [Doc. 1] |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on April 20, 2009. (Court Doc. 1.) Petitioner raises the following four claims: (1) there was insufficient evidence to support his carjacking conviction; (2) the auto theft charge does not fall within the ambit of California Penal Code section 215; (3) failure to advise of Miranda rights in violation of the Fourth Amendment; and (4) trial court erred by imposing aggravated term without a jury finding. (Petition, at 5-6.)

Petitioner indicates that he filed a direct appeal to the California Court of Appeal and California Supreme Court raising Claims One and Four only. (Petition, at 3, Exhibit F, Petition for Review.) Thus, it appears that two of Petitioner's claim have not been exhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

1  The exhaustion doctrine is based on comity to the state court and gives the state court the initial
2  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
3  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.
4  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).
5       A petitioner can satisfy the exhaustion requirement by providing the highest state court
6  with a full and fair opportunity to consider each claim before presenting it to the federal court.
7  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
8  829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair
9  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
10 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
11 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
12 Additionally, the petitioner must have specifically told the state court that he was raising a
13 federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
14 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court
15 violated his due process rights "he must say so, not only in federal court but in state court."
16 Duncan, 513 U.S. at 366, 115 S.Ct. at 888.
17      The instant petition contains both exhausted and unexhausted claims, and the Court must
18 dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim
19 if he can do so.  See Rose, 455 U.S. at 521-22.  However, Petitioner will be provided with an
20 opportunity to withdraw the unexhausted claims and go forward with the exhausted claims.
21      Accordingly, it is HEREBY ORDERED that:
22  1.   Within thirty (30) days from the date of service of this order, Petitioner shall show
23       cause as to what claims, if any, were presented to the state's highest court.
24  2.   Failure to comply with this order may result in the action be dismissed for failure
25       to comply with a court order.  Local Rule 11-110.
26  \
27 IT IS SO ORDERED.
28 **Dated:   April 21, 2010**              /s/ Sandra M. Snyder

UNITED STATES MAGISTRATE JUDGE