# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JOSE LEBRON, | 1:09-cv-00694-SMS (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| JAMES A. YATES, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).  (Court Doc. 5.)

On April 21, 2010, the Court issued an Order to Show Cause regarding exhaustion of the state court remedies and directed Petitioner to file a response within thirty days.  (Court Doc. 8.)  Petitioner has not responded to the Court's order.

Local Rule 110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

1

See, e.g., <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

      In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since April 20, 2009.  The Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

      Accordingly, the Court HEREBY ORDERS that this action is dismissed for Petitioner's failure to prosecute.

IT IS SO ORDERED.

**Dated:   June 2, 2010**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE