# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO JOSE LEBRON, | 1:09-cv-00694-SMS (HC) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DIRECTING CLERK OF COURT TO ENTER JUDGMENT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| JAMES A. YATES, | |
| Respondent. | |
| / | [Dpc/ 31] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

## BACKGROUND

On December 1, 2005, Petitioner was convicted of carjacking, unlawfully taking or driving a vehicle, receiving a stolen vehicle and driving a vehicle with a suspended or revoked license. The trial court found true a probation violation in another case. Petitioner was sentenced to a determinate state prison term of nine years.

On June 1, 2007, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. Petitioner then sought review in the California Supreme Court which was granted on August 8, 2007, and then dismissed on September 12, 2007, in light of People v. Black, 41 Cal.4th 799 (2007).

///

     Petitioner did not file any state post-conviction collateral petitions.  Petitioner filed the instant petition for writ of habeas corpus on April 20, 2009.  On April 21, 2010, the Court issued an order to show cause regarding exhaustion of the state court remedies.  Because Petitioner did not file a response, the petition was dismissed on June 3, 2010 and judgment was entered.  On June 21, 2010, Petitioner filed a motion for relief from the judgment.  On July 2, 2010, the Court granted Petitioner's motion for relief from the judgment, and Petitioner was granted an extension of time to file an amended petition.  On August 17, 2010, Petitioner filed a first amended petition.  On August 25, 2010, the Court issued another order to show cause regarding exhaustion of the state court remedies.  Petitioner submitted a response on September 20, 2010.  On November 4, 2010, the Court directed Respondent to file a response.  Respondent filed the instant motion to dismiss on December 30, 2010.  Petitioner did not file an opposition.

## DISCUSSION

A.     <u>Procedural Grounds for Motion to Dismiss</u>

     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

     The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  <u>See</u> <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

     In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on April 20, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, on June 1, 2007, the California Court of Appeal, affirmed the judgment.  Petitioner filed a petition for review with the California Supreme Court which was denied on September 12, 2007.  Petitioner did not file a petition for review in the California Supreme Court.  Thus, direct review became final on December 11, 2007, when the time to filed a petition for writ of certiorari with the United States Supreme Court expired.  Therefore, the one

year limitations period began on the following day, December 12, 2007, and absent tolling, was set to expire on December 11, 2008.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Because Petitioner did not file any state collateral petitions within the limitations period, statutory tolling is unavailable.

D.      Expiration of Limitations Period

As just stated, the statute of limitations commenced on December 12, 2007, and expired on December 11, 2008.  There is no basis for statutory tolling, and the instant petition filed on April 20, 2009 is untimely under § 2244(d).

E.      Exhaustion of State Judicial Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

      A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

      Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct

alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the first amended petition, Petitioner raises the following seven claims: (1) "The statements/admissions by Petitioner were inadmissible as a matter of law;" (2) "Trial counsel was deficient when he failed to object to a joinder/consolidated trial or request a bifurcated/trifurcated/severed [sic] trial;" (3) "Counsel failed to conduct pre-trial preparation;" (4) "Counsel was not competent;" (5) "There was insufficient evidence to prove essential elements;" (6) "Petitioner was denied 'potentially useful' evidence because it was not 'materially exculpatory' evidence;" and (7) "It was error to to [sic] Petitioner to agrivated [sic] sentencing."

In the petition for review filed in the California Supreme Court, Petitioner raised only the following two claims: (1) "Where a suspect hot wires a car from a parking lot, and some 12 hours later physically rejects an attempt by the victim to recover the car from an entirely different location, does this amount to the crime of carjacking?;" and (2) "Where the trial court imposed an aggravated sentence and relied on some factors relating to recidivism, and some factors not

involving recidivism, are the principles of *Apprendi* and *Blakely* violated?" This petition served to exhaust claim seven of the amended petition. Consequently, claims one through six of the amended petition have not been presented to the California Supreme Court and are not exhausted.

The Court must dismiss a petition containing exhausted and unexhausted claims unless Petitioner amends the petition to delete the unexhausted claims. However, in this instance, amendment is futile because the petition is barred by the statute of limitations. Thus, dismissal with prejudice is appropriate.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the petition as untimely is GRANTED;

2. The amended petition for writ of habeas corpus is DISMISSED with prejudice;

3. The Clerk of Court is directed to terminate this action; and

4. The court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

**Dated:**     February 16, 2011                     /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE